UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| KEVEN SAUNDERS, NATHAN BANNICK, and MICHAEL SCHWAB, individually and as shareholders of Above All Mortgage, Inc., a Minnesota corporation,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS OF MINNESOTA, INC., a Minnesota corporation, COUNTRYWIDE HOME LOANS, INC., a New York corporation, and COUNTRYWIDE BANK, FSB, a Virginia corporation,<br><br>Defendants. | Case No. 08-CV-5951 (PJS/FLN)<br><br><br>ORDER GRANTING PLAINTIFFS' MOTION TO REMAND |

Beau D. McGraw, MCGRAW LAW FIRM, PA, and Peter J. Kestner, CRAWFORD & KESTNER, PA, for plaintiffs.

Noah G. Lipschultz and Kathryn Mrkonich Wilson, LITTLER MENDELSON, P.C., for defendants.

This matter is before the Court on plaintiffs' motion to remand pursuant to 28 U.S.C. § 1447(c). All of the parties agree that all of the claims in this lawsuit — save perhaps one — must be arbitrated, but the parties have nonetheless engaged in a protracted dispute over whether this Court or a Minnesota state court should enter the order compelling arbitration. Putting aside the question of whether such an inconsequential issue merits the time and resources that the parties have devoted to it, this Court agrees with plaintiffs that this lawsuit belongs in state court, and thus plaintiffs' motion to remand is granted.

Plaintiffs bring claims of breach of contract, unpaid wages, and unjust enrichment against defendants. The bulk of plaintiffs' claims arise out of a June 2007 contract pursuant to which defendant Countrywide Home Loans, Inc. ("CHL") was to purchase the assets and assume the liabilities of plaintiffs' business, Above All Mortgage, Inc. ("AAM"), and plaintiffs were to be given jobs with defendant Countrywide Bank, FSB ("the Bank"). According to plaintiffs' amended complaint, CHL never completed its takeover of AAM, and both CHL and the Bank failed to make certain contractually guaranteed payments. Plaintiffs also allege that, in December 2007, defendant Countrywide Home Loans of Minnesota, Inc. ("Countrywide Minnesota") — a subsidiary of CHL — demanded a list of AAM's clients, even though it had no right to that list, particularly as CHL had not fulfilled its commitments under the June 2007 contract. Plaintiffs point out that, shortly after receiving AAM's list of clients, the Bank terminated its relationship with plaintiffs. Am. Compl. ¶ 23. Plaintiffs clearly believe that the Bank had already decided to terminate its relationship with them at the time that Countrywide Minnesota demanded the client list. According to plaintiffs, Countrywide Minnesota was unjustly enriched by the acquisition of the list.

Plaintiffs initiated this action in Minnesota state court on February 4, 2008. Only Countrywide Minnesota was named as a defendant in the original complaint. Countrywide Minnesota removed the case to this Court. Plaintiffs responded by filing a motion to remand, and, after the matter was briefed and argued, this Court remanded the case to state court on April 23, 2008. After various proceedings in the state court, plaintiffs filed an amended complaint on October 31, 2008. The amended complaint added CHL and the Bank as defendants.

Countrywide Minnesota and its two co-defendants again removed the action to this Court, and plaintiffs have now moved again to remand.

Defendants removed this action pursuant to 28 U.S.C. § 1441(a), which permits the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." Defendants allege that this Court has original jurisdiction over this action on the basis of diversity. *See* 28 U.S.C. § 1332(a). But one of the defendants — Countrywide Minnesota — is a citizen of Minnesota, as are all of the plaintiffs. Complete diversity of citizenship, which is a prerequisite to federal jurisdiction under § 1332(a), is therefore lacking. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806) (adopting the complete-diversity rule).

Defendants nonetheless resist remand, arguing that Countrywide Minnesota was fraudulently joined to destroy diversity jurisdiction and should be dismissed. *See Simpson v. Thomure*, 484 F.3d 1081, 1083 (8th Cir. 2007) (the right of an out-of-state defendant to remove a diversity suit to federal court cannot be defeated by the fraudulent joinder of a resident defendant). A defendant will be regarded as fraudulently joined only "'when there exists no reasonable basis in fact and law supporting a claim against [that] defendant[].'" *Menz v. New Holland N. Am., Inc.*, 440 F.3d 1002, 1004 (8th Cir. 2006) (quoting *Filla v. Norfolk S. Ry.*, 336 F.3d 806, 810 (8th Cir. 2003)). In considering a fraudulent-joinder challenge, federal courts are required to resolve all doubts in favor of remand. *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007).

The only claim asserted against Countrywide Minnesota is the claim for unjust enrichment arising out of Countrywide Minnesota's acquisition of AAM's client list shortly

before the Bank terminated its relationship with plaintiffs.  Defendants argue that plaintiffs' unjust-enrichment claim is legally unsound because a plaintiff cannot maintain an unjust-enrichment claim when the rights of the parties are governed by a valid contract.  Defendants correctly state the legal proposition, *see Day Distributing Co. v. Nantucket Allserve, Inc.*, No. 07-CV-1132 (PJS/RLE), 2008 WL 2945442, at *9 (D. Minn. July 25, 2008), but, as defendants elsewhere concede, plaintiffs do not *have* a contract with Countrywide Minnesota.  True, plaintiffs have a contractual relationship with CHL and the Bank, and plaintiffs cite the failure of CHL and the Bank to fulfill their contractual obligations as one reason why Countrywide Minnesota's acquisition of their client list was inequitable.  But the existence of contracts with CHL and the Bank does not preclude plaintiffs from maintaining an unjust-enrichment claim against Countrywide Minnesota.  To the contrary, the lack of a contract between plaintiffs and Countrywide Minnesota suggests that unjust enrichment may be one of the few viable claims that plaintiffs can assert against Countrywide Minnesota.

   Defendants also argue that plaintiffs' unjust-enrichment claim is factually meritless.  To prevail on a claim of unjust enrichment, a plaintiff must show that the defendant knowingly received something of value from the plaintiff under circumstances that render it inequitable for the defendant to retain the benefit without paying for it.  *Dahl v. R.J. Reynolds Tobacco Co.*, 742 N.W.2d 186, 195-96 (Minn. Ct. App. 2007), *review granted* (Minn. Feb. 27, 2008), *and review denied* (Jan. 20, 2009).  Defendants argue that Countrywide Minnesota did not receive anything of value from plaintiffs because Douglas Winter, whom plaintiffs identify as the Countrywide Minnesota employee who demanded AAM's client list, was not, in fact, employed by Countrywide Minnesota.  Defendants submit various declarations and exhibits supporting

their assertion. Defendants acknowledge that plaintiffs have evidence to the contrary, but contend that the Court should disregard plaintiffs' evidence and credit defendants' evidence. Defendants also submit evidence that Countrywide Minnesota essentially became a shell corporation after July 2007, and thus could not have benefitted from obtaining AAM's client list in December 2007.

As should be apparent, defendants are asking this Court to go outside the pleadings, accept their evidence at face value, disregard contrary evidence, resolve factual disputes in their favor, and rule on questions of Minnesota law — and to do so on a woefully incomplete record, without giving plaintiffs any chance to take discovery. This is far beyond the scope of a court's review of a fraudulent-joinder challenge. "Fraudulent joinder exists if, *on the face of plaintiff's state court pleadings*, no cause of action lies against the resident defendant." *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983) (per curiam) (emphasis added); *see also Simpson*, 484 F.3d at 1084 (using a Fed. R. Civ. P. 12(b)(6) standard to evaluate whether the district court properly dismissed the resident defendant as fraudulently joined). This is a lenient standard; a plaintiff need not show much to turn back an accusation that a defendant has been fraudulently joined to defeat diversity jurisdiction. As the Eighth Circuit explained:

> We find it significant Michelin never argues Wilkinson *could not* state a claim against Shackelford under the facts present in this case, only that she *did not* do so in her original complaint. The relevant inquiry in analyzing fraudulent joinder, however, focuses only on whether a plaintiff "might" have a "colorable" claim under state law against a fellow resident, *Menz*, 440 F.3d at 1005, not on the artfulness of the pleadings. A joinder is fraudulent only "when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Id.* at 1004 (citations omitted); *see also Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957) ("[A]ll doubts arising from defective, ambiguous and inartful pleadings [in a removed case] should be resolved in

> favor of the retention of state court jurisdiction."). The facts as alleged in Wilkinson's original complaint indicate there is a reasonable basis for believing Missouri might impose liability against Shackelford, which is all that is required to defeat a fraudulent joinder challenge.

*Wilkinson*, 478 F.3d at 964.

Plaintiffs' unjust-enrichment claim against Countrywide Minnesota may very well turn out to be meritless — and the claim may very well end up being dismissed on motion for summary judgment after plaintiffs have taken discovery (if the claim is not arbitrated) — but there is no question that, on the face of their complaint, plaintiffs "might" have a "colorable" claim against Countrywide Minnesota. *Menz*, 440 F.3d at 1005. Plaintiffs essentially allege that Winter, acting on behalf of Countrywide Minnesota, demanded their client list without any legal or equitable basis, and without telling them that the Bank was about to fire them. Plaintiffs ground their assertion that Winter was acting on behalf of Countrywide Minnesota not on speculation or conjecture, but on a September 2, 2005 letter from the Federal Reserve Board identifying Winter as an employee of Countrywide Minnesota. "The facts as alleged in [the amended] complaint indicate there is a reasonable basis for believing [Minnesota] might impose liability against [Countrywide Minnesota], which is all that is required to defeat a fraudulent joinder challenge." *Wilkinson*, 478 F.3d at 964. Plaintiffs' motion to remand is therefore granted.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to remand [Docket No. 7] is GRANTED.

2. This matter is hereby REMANDED to the Minnesota District Court, Fourth Judicial District.

3. Defendants' motion to dismiss and compel arbitration [Docket No. 4] is DENIED AS MOOT.

Dated:  February 12, 2009                                    s/Patrick J. Schiltz
                                                             Patrick J. Schiltz
                                                             United States District Judge